UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HAROLD JEAN-BAPTISTE,

               Plaintiff,

    - against -

WESTSIDE DONUT HUNTINGTON
VENTURES LLC,

              Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-2308 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On March 29, 2023, *pro se* Plaintiff Harold Jean-Baptiste filed a Complaint under, *inter alia*, 42 U.S.C. §§ 1983 and 1985. (Dkt. 1.) Plaintiff paid the required filing fee. (Dkt. 2.) On April 17, 2023, Plaintiff filed an Amended Complaint, which appears to be the same document as the original Complaint. (Dkt. 6.) For the reasons discussed below, the instant action is dismissed as frivolous.

## BACKGROUND

Plaintiff brings this action against Westside Donut Huntington Ventures LLC, doing business as Dunkin Donuts in Huntington Station, New York, alleging that on October 10, 2022, a Dunkin Donuts employee "was instructed to prepare a special order in [a] prep bag for the plaintiff with a tampered food substance[,]" causing him to become sick and go to an emergency room at Long Island Jewish Hospital. (Am. Compl., Dkt. 6, at 5.) Plaintiff seeks monetary damages and declaratory relief. (*Id*. at 9.)

Plaintiff has brought claims for the same October 10th incident in at least two other actions that were dismissed as frivolous. *See Jean-Baptiste v. U.S. Dep't of Just.*, No. 22-CV-8937 (LTS), 2022 WL 17540544, at *1 (S.D.N.Y. Oct. 27, 2022) (dismissing Plaintiff's claims that defendants

1

"caused him to become sick at a Dunkin Donuts restaurant in Huntington Station" on October 10, 2022, which resulted in him being sent to Long Island Jewish Hospital); *Jean-Baptiste v. U.S. Dep't of Just.*, No. 22-CV-6718 (PKC) (LB), (E.D.N.Y. Dec. 8, 2022) (dismissing Plaintiff's claims that the FBI ordered a Dunkin Donuts employee to poison him with a toxic substance on October 10, 2022). Indeed, Plaintiff has filed numerous cases with claims that revolve around government conspiracies to poison his food or harm him in other ways. *See Jean-Baptiste v. Almonte Stream Food Corp.*, No. 23-CV-1384 (PKC) (LB), 2023 WL 2587668, at *1 (E.D.N.Y. Mar. 21, 2023) (alleging that Key Food Supermarket in Valley Stream, New York conspired with an FBI Special Agent and placed a toxic substance on his food causing him to go to an emergency room); *see also Jean-Baptiste v. U.S. Dep't of Just.*, No. 22-CV-1861, 2022 WL 3027010, at *1 (D.D.C. June 24, 2022) (alleging that FBI agents tried to kidnap him while out on a walk).[1] All of these cases have been dismissed.

## LEGAL STANDARD

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.

---

[1] *See also Jean-Baptiste v. U.S. Dept. of Just.*, No. 22-CV-8318 (LTS) (S.D.N.Y. Sept. 28, 2022); *Jean-Baptiste v. U.S. Dept. of Just.*, No. 22-CV-1420 (D.D.C. May 18, 2022); *Jean-Baptiste v. U.S. Dept. of Just.*, No. 22-CV-897 (D.D.C. Mar. 29, 2022); *Jean-Baptiste v. U.S. Dept. of Just.*, 21-CV-2221 (D.D.C. Aug. 17, 2021).

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent authority to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *See Frein v. Pelosi*, No. 22-1063, 2023 WL 2530453, at *2 (2d Cir. Mar. 16, 2023) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)).

## DISCUSSION

### I. Plaintiff's Allegations are Frivolous

Plaintiff's allegations, even under the very liberal reading afforded to *pro se* pleadings (and even if Plaintiff believes them to be true), can only be described as frivolous and "clearly baseless." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, they are 'fanciful,' 'fantastic,' or 'delusional.'") (citation omitted). "A factual frivolousness finding is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992).

Given the implausibility of Plaintiff's allegations, the action cannot proceed. *Stone v. Austin*, No. 21-CV-4822 (JMA) (ST), 2021 WL 4443733, at *4 (E.D.N.Y. Sept. 28, 2021) (dismissing fee-paid action as frivolous because it lacked a basis in law or fact). And further, given that Plaintiff already made substantially the same allegations in two other cases that the Court has dismissed, the current Amended Complaint is duplicative and frivolous.

### II. Leave to Amend

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] *pro se*

3

complaint generally should not be dismissed without granting the plaintiff leave to amend at least once[.]"). However, this principle applies when "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation omitted). Here, granting Plaintiff leave to amend would be futile—especially given Plaintiff's prior filing of two other complaints based on the same allegations, both of which have been dismissed. *Frein*, 2023 WL 2530453, at *2 (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (a court does not need to give leave to amend where "the problem with [the plaintiff's] causes of action is substantive" and "better pleading will not cure it.")).

## FILING INJUNCTION

Plaintiff has been warned in previous orders[2] that "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa*, 406 F.3d at 158 (internal quotation marks omitted); *see also Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). Unfortunately, Plaintiff has failed to heed the Court's warnings. Therefore, Plaintiff is ORDERED TO SHOW CAUSE within fourteen (14) days of the entry of this Order why he should not be enjoined from filing any further actions in this Court without leave to file.

## CONCLUSION

Accordingly, the Amended Complaint is dismissed as frivolous. *Fitzgerald*, 221 F.3d at 362. Plaintiff is ORDERED TO SHOW CAUSE within fourteen (14) days of the entry of this Order why he should not be enjoined from filing any further actions in this Court without leave to

---

[2] *See Almonte Stream Food Corp.*, 2023 WL 2587668, at *2 ("Plaintiff is again strongly warned that this Court will not tolerate frivolous litigation and if he continues to file patently frivolous complaints, the Court 'may impose sanctions, including restrictions on future access to the judicial system.'") (quoting *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005).

4

file. Although Plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: April 27, 2023
       Brooklyn, New York